1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                 AT TACOMA

10     SHAWN J. CRUZE,

11                        Petitioner,                   Case No.  C05-5744FDB
                                                                  C06-5064FDB
12            v.

13     DOUG WADDINGTON,                                 REPORT AND
                                                        RECOMMENDATION
14                        Respondent.                   Noted for **April 14, 2006**

15

16          Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center

17     pursuant to convictions for possession of methamphetamine and unlawful possession of a firearm on

18     February 19, 1997, ( first strike offenses) and convictions for second degree assault on June 26, 1997,

19     (second strike offenses) all arising out of Clark County.   Mr. Cruze's first strike came previously as an

20     accomplice to second degree assault, which is not at issue in either of the two cases noted in the caption

21     above.  Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his 1997 Clark County

22     convictions.  After a careful review of the record, the undersigned submits the following report and

23     recommends that the Court deny the petition for writ of habeas corpus as untimely.

24                                      DISCUSSION

25          A one-year period of limitation applies to federal petitions for writ of habeas corpus.  The relevant

26     statute states:

27          (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The limitation
28          period shall run from the latest of --

REPORT AND RECOMMENDATION
Page - 1

1

2

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

5

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

6

7

8

(D) the date on which the factual predicate of the claim or claims  presented could have been discovered through the exercise of due diligence.

9

10

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

11   28 U.S.C. § 2244(d). The statute went into effect on April 24, 1996; thus, a petitioner with a conviction

12   before this date was required to file a federal petition for writ of habeas corpus on or before April 23,

13   1997, unless one of the above tolling provisions apply.  *See* Calderon v. U.S. District Court for Central

14   District of California, 128 F.3d 1283, 1286-87 (9th Cir. 1997)(No petition filed on or before April 23,

15   1997 may be dismissed for failure to comply with the time limit).  The one year period of limitation is

16   subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary

17   circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288,

18   *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997).  The Ninth Circuit

19   commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the

20   federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Id. at

21   1289.

22        Here,  petitioner was convicted and sentenced by the state trial court on his most recent criminal

23   charges for second degree assault on or about July 2, 1997.  Mr. Cruze immediately appealed this

24   conviction and the direct appeal process ended on September 6, 2000, when the State Supreme Court

25   issued its decision denying review.

26        The federal one-year period of limitation started to run 90-days after this date.  Thus, the clock

27   began to run on or about December 5, 2000.  The one year period expired one year later on or about

28   December 6, 2001.  Mr. Cruze did not file his writ of habeas corpus challenging either of the two

REPORT AND RECOMMENDATION
Page - 2

1   convictions until late in 2005.  Petitioner has not presented any facts or mitigating circumstances to

2   warrant any equitable tolling of the statute.

3                                                    CONCLUSION

4          Petitioner did not timely filed the instant petitions for writ of habeas corpus.  Pursuant to 28 U.S.C.

5   § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days

6   from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections

7   will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).

8   Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for

9   consideration on **April 14, 2006**, as noted in the caption.

10          DATED this 24th day of March, 2006.

11

12                                          */s/ J. Kelley Arnold*
                                           J. Kelley Arnold
                                           United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28